UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GIOVANNI BLOISE-FREYRE,

                     Plaintiff,

         - against -                **COMPLAINT**

CITY OF NEW YORK, and
JOHN DOES 1 and 2,

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Plaintiff, Giovanni Bloise-Freyre, by his attorneys, Lumer & Neville, hereby alleges upon information and belief as follows:


### PARTIES, VENUE, and JURISDICTION

       1.      At all times hereinafter mentioned, plaintiff Giovanni Bloise-Freyre was an adult male resident of the State of Massachusetts.

       2.      At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including but not limited to, the New York City Police Department ("NYPD") and its employees.

       3.      At all relevant times hereinafter mentioned, defendants John Does 1 and 2 were employed by New York City as members of the NYPD. While the John Doe defendants participated in plaintiff's unlawful arrest and the use of excessive force against him, or otherwise failed to intervene to limit or prevent the constitutional injuries alleged

herein by plaintiff, their identities are not presently known to plaintiff.  The Doe defendants are sued herein in their individual capacity.

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

5.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where defendant City of New York resides, and where the majority of the actions complained of herein occurred.

6.      A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

7.      At least thirty days have passed since plaintiff's service of his Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

8.      Plaintiff has complied with all obligations, requirements, and conditions precedent to commencing an action against New York City under New York law.


## RELEVANT FACTS

9.      As of January 8, 2016, plaintiff resided in the State of Massachusetts.

10.     On January 8, 2016, plaintiff and his wife were present in New York County, where they intended to stay overnight at a local area hotel.

11.     On January 8, 2016, at or about 1:00 am, plaintiff went to the NYPD's 17th precinct station house ("station house") to inquire about the legality of a possible parking spot.

12.     As of January 8, 2016, plaintiff was employed as a Constable in Massachussets and was, and is today, a law enforcement officer.

13.     When plaintiff entered the station house, he approached the front desk and had a discussion with John Doe 1, who is believed to be a Sergeant with the last name Slavin.

14.     Plaintiff indicated to Doe 1 that he was a Constable and a member of law enforcement and attempted to ask about the parking spot, which was located on that same block. Doe 1 responded by initiating an argument with plaintiff over whether or not plaintiff was lying about his law enforcement status.

15.     Although plaintiff presented valid identification confirming his status as a Constable, Doe 1 insisted the plaintiff was impersonating a law enforcement officer, and, directed another officer to handcuff and arrest plaintiff.

16.     Doe 1 announced to the officers in the area of the front desk that plaintiff was impersonating a police officer, and directed another officer, John Doe 2, to bring plaintiff to a seating area near the front desk.

17.     Doe 2 commented aggressively about plaintiff pretending to be a police officer, and deliberately further tightened the handcuffs which another officer had already

placed on plaintiff's wrists, and then slammed plaintiff into a chair, causing plaintiff to strike his head.

18.     Plaintiff informed the defendants that the handcuffs were overly tight and hurting his wrists. The defendants not only refused to loosen the cuffs, but actually reset the cuffs so that plaintiff's cuffs were wrapped around the back of the chair plaintiff was sitting on, which increased plaintiff's pain.

19.     After a substantial period of time, Doe 1 stated to plaintiff, in sum and substance, that he was going to release him, and indicated that he had confirmed that plaintiff was, in fact, precisely the person he had claimed to be when he first arrived at the station house.

20.     After having been held for more than two hours, plaintiff was then released by defendants without being charged and without being issued a summons or a desk appearance ticket.

21.     As a result of the handcuffing, plaintiff suffered lasting injuries to his wrists that continue to this day.

22.     At no time was there probable cause to detain plaintiff, much less cause him to be arrested, nor was it reasonable for defendants to believe that such cause existed.

23.     At no time was there any basis for defendants to employ any force against plaintiff, much less the force actually employed, nor was it reasonable to believe that such force was necessary.

24.     Doe 1 ordered plaintiff's arrest and supervised both his arrest and detention until such time that Doe 1 directed plaintiff be released.

25.     Doe 1 incited the use of force against plaintiff by Doe 2 by falsely alleging that plaintiff was impersonating a police officer.

26.     Doe 1 was aware that plaintiff's handcuffs were overly tight and that he was in pain as a result, and deliberately refused to take any steps to remedy the excessive force being employed against plaintiff through the use of overly tight handcuffs during the hours that plaintiff was handcuffed by defendants.

27.     Doe 2 deliberately tightened plaintiff's handcuffs to an unreasonable degree in order to cause plaintiff pain and discomfort. Plaintiff was already in handcuffs when Doe 2 acted to tighten the handcuffs, and did so without any necessity or justification, and then deliberately caused plaintiff to strike his head.

28.     Doe 2 then deliberately left plaintiff in handcuffs Doe 2 knew and understood were overly tight and causing plaintiff pain and injury for a period of hours.

29.     At no time prior to plaintiff's release did either Doe 1 or Doe 2 take any steps to intervene in or otherwise prevent or limit the injuries the defendants were causing plaintiff to suffer.

30.     At all times relevant herein, each of the individual defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983 Claims
Against the Individual Defendants)

31.     Plaintiff repeats the above-stated allegations as though stated fully

herein.

32.     The John Doe defendants, individually and collectively, willfully and

intentionally, seized, arrested, and caused plaintiff to be imprisoned or otherwise held in

custody, without probable cause, or any reasonable basis to believe probable cause existed, or

otherwise failed to intervene while their fellow officers engaged in this unconstitutional

conduct.

33.     The John Doe defendants, individually and collectively, willfully and

intentionally, caused plaintiff to be subjected to excessive force and sustain physical injuries

by utilizing force that was unreasonable and unnecessary, or otherwise failed to intervene

while their fellow officers engaged in this unconstitutional conduct.

34.     By so doing, the individual defendants, individually and collectively,

subjected plaintiff to (i) false arrest and imprisonment and (ii) excessive force, in violation of

plaintiff's rights under the Fourth and Fourteenth Amendments to the United States

Constitution.

35.     To the extent that any of the individual defendants did not directly

engage in this unconstitutional conduct, such defendant officer was aware of such conduct

by his/her fellow officers but consciously abjectly failed to intervene or otherwise put halt or

limit the aforementioned misconduct and violation of plaintiff's constitutional rights, by

remaining silent or otherwise deliberately choosing not to take any meaningful steps to correct his fellow officers' misconduct, despite an ample opportunity to do so..

36.    By reason thereof, the individual defendants have violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty, as well as the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

(State Law Claims
Against All Defendants)

37.    Plaintiff repeats the above-stated allegations as though stated fully herein.

38.    The individual defendants unlawfully seized and arrested plaintiff.

39.    The individual defendants deliberately employed force against plaintiff that was objectively unreasonable and unnecessary and caused plaintiff to sustain physical injuries.

40.    The municipal defendant, the City of New York, is vicariously liable to plaintiff for the acts of the individual defendants who were at all relevant times acting within the scope of their employment as officers and agents of the municipal defendant.

41.    Therefore, the individual defendants are liable to plaintiff under state law, for (i) false arrest and imprisonment; (ii) excessive force; and (iii) battery; as is the municipal defendant under the principle of *respondeat superior* or vicarious liability.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**[Remainder of Page Intentionally Blank]**

WHEREFORE, plaintiff demands judgment against defendants jointly and severally as follows:

i.      Actual and punitive damages against each of the individual defendants in an amount to be determined at trial;

ii.     Actual damages against the municipal defendant in an amount to be determined at trial;

iii.    Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of the action; and

iv.     Such other relief as the Court deems just and proper.

Dated:  New York, New York
        April 2, 2017

                        LUMER & NEVILLE
                        Attorneys for Plaintiff
                        225 Broadway, Suite 2700
                        New York, New York 10007
                        (212) 566-5060

                        _____
                        Michael B. Lumer (ML-1947)