UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
GIOVANNI BLOISE-FREYRE,

                Plaintiff,       17 CV 2413 (PAE)

    - against -

CITY OF NEW YORK, JAMES SLAVIN,     **AMENDED COMPLAINT**
ANDREW SNIDER, and JOHN DOE,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Plaintiff, Giovanni Bloise-Freyre, by his attorneys, the Lumer Law Group, hereby alleges upon information and belief as follows:

### PARTIES, VENUE, and JURISDICTION

        1.     At all times hereinafter mentioned, plaintiff Giovanni Bloise-Freyre was an adult male resident of the State of Massachusetts.

        2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including but not limited to, the New York City Police Department ("NYPD") and its employees.

        3.     At all relevant times hereinafter mentioned, defendant James Slavin, Shield No. 2133, was employed by New York City as a member of the NYPD. Slavin is sued herein in his individual capacity.

4. At all relevant times hereinafter mentioned, defendant Andrew Snider, Shield No. 31170, was employed by New York City as a member of the NYPD. Snider is sued herein in his individual capacity.

5. At all relevant times hereinafter mentioned, defendant John Doe was a person employed by New York City as a member of the NYPD whose actual identity is unknown to plaintiff. Doe is sued herein in his individual capacity.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Southern District of New York, where defendant City of New York resides, and where the majority of the actions complained of herein occurred.

8. A Notice of Claim was timely served by the plaintiff upon the defendant City of New York.

9. At least thirty days have passed since plaintiff's service of his Notice of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

10. Plaintiff has complied with all obligations, requirements, and conditions precedent to commencing an action against New York City under New York law.

## RELEVANT FACTS

11. As of January 8, 2016, plaintiff resided in the State of Massachusetts.

12. On January 8, 2016, plaintiff and his wife were present in New York County, where they intended to stay overnight at a local area hotel.

13. On January 8, 2016, at or about 1:00 am, plaintiff went to the NYPD's 17th precinct station house ("station house") to inquire about the legality of a possible parking spot.

14. As of January 8, 2016, plaintiff was employed as a Constable in Massachusetts and was, and is today, a law enforcement officer.

15. When plaintiff entered the station house, he approached the front desk and had a discussion with the desk officer, who is believed to be James Slavin.

16. Plaintiff indicated to Slavin that he was a Constable and a member of law enforcement and attempted to ask about the parking spot, which was located on that same block. Slavin responded by initiating an argument with plaintiff over whether or not plaintiff was lying about his law enforcement status.

17. Although plaintiff presented valid identification confirming his status as a Constable, Slavin insisted the plaintiff was impersonating a law enforcement officer, and, directed another officer to handcuff and arrest plaintiff.

18. Slavin announced to the officers in the area of the front desk that plaintiff was impersonating a police officer, and directed another officer, believed to be either defendant Snider or defendant John Doe, to bring plaintiff to a seating area near the front desk.

19. Snider or John Doe commented aggressively about plaintiff pretending to be a police officer, and deliberately further tightened the handcuffs which either Snider or John Doe another officer had already placed on plaintiff's wrists, and then slammed plaintiff into a chair, causing plaintiff to strike his head.

20. Plaintiff informed the defendants that the handcuffs were overly tight and hurting his wrists. The defendants not only refused to loosen the cuffs, but actually reset the cuffs so that plaintiff's cuffs were wrapped around the back of the chair plaintiff was sitting on, which increased plaintiff's pain.

21. After a substantial period of time, Slavin stated to plaintiff, in sum and substance, that he was going to release him, and indicated that he had confirmed that plaintiff was, in fact, precisely the person he had claimed to be when he first arrived at the station house.

22. After having been held for more than two hours, plaintiff was then released by defendants without being charged and without being issued a summons or a desk appearance ticket.

23. As a result of the handcuffing, plaintiff suffered lasting injuries to his wrists that continue to this day.

24. At no time was there probable cause to detain plaintiff, much less cause him to be arrested, nor was it reasonable for defendants to believe that such cause existed.

25. At no time was there any basis for defendants to employ any force against plaintiff, much less the force actually employed, nor was it reasonable to believe that such force was necessary.

26. Slavin ordered plaintiff's arrest and supervised both his arrest and detention until such time that Slavin directed plaintiff be released.

27. Slavin incited the use of force against plaintiff by Snider or John Doe by falsely alleging that plaintiff was impersonating a police officer.

28. Each of the individual defendants were aware that plaintiff's handcuffs were overly tight and that he was in pain as a result, and deliberately refused to take any steps to remedy the excessive force being employed against plaintiff through the use of overly tight handcuffs during the hours that plaintiff was handcuffed by defendants.

29. Snider or John Doe deliberately tightened plaintiff's handcuffs to an unreasonable degree in order to cause plaintiff pain and discomfort. Plaintiff was already in handcuffs when Snider or John Doe acted to tighten the handcuffs, and did so without any necessity or justification, and then deliberately caused plaintiff to strike his head.

30. Snider or John Doe then deliberately left plaintiff in handcuffs that each of the defendants knew and understood were overly tight and causing plaintiff pain and injury for a period of hours.

31. At no time prior to plaintiff's release did Slavin, Snider, or John Doe take any steps to intervene in or otherwise prevent or limit the injuries each of the defendants were causing plaintiff to suffer.

32. To the extent that any of these individual defendants did not directly participate in the false arrest of, and excessive force against, plaintiff, each such defendant was aware that these events were occurring and ongoing, had an ample opportunity to intervene and thereby prevent or limit the harm to plaintiff, but deliberately failed to do so.

33. At all times relevant herein, each of the individual defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

(42 U.S.C. § 1983 Claims
Against the Individual Defendants)

34. Plaintiff repeats the above-stated allegations as though stated fully herein.

35. The individual defendants, individually and collectively, willfully and intentionally, seized, arrested, and caused plaintiff to be imprisoned or otherwise held in custody, without probable cause, or any reasonable basis to believe probable cause existed, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

36. The individual defendants, individually and collectively, willfully and intentionally, caused plaintiff to be subjected to excessive force and sustain physical injuries by utilizing force that was unreasonable and unnecessary, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

37. By so doing, the individual defendants, individually and collectively, subjected plaintiff to (i) false arrest and imprisonment and (ii) excessive force, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

38. To the extent that any of the individual defendants did not directly engage in this unconstitutional conduct, such defendant officer was aware of such conduct by his/her fellow officers but consciously abjectly failed to intervene or otherwise put halt or limit the aforementioned misconduct and violation of plaintiff's constitutional rights, by remaining silent or otherwise deliberately choosing not to take any meaningful steps to correct his fellow officers' misconduct, despite an ample opportunity to do so..

39. By reason thereof, the individual defendants have violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, imprisonment and the deprivation of liberty, as well as the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

(State Law Claims
Against All Defendants)

40. Plaintiff repeats the above-stated allegations as though stated fully herein.

41. The individual defendants unlawfully seized and arrested plaintiff.

42. The individual defendants deliberately employed force against plaintiff that was objectively unreasonable and unnecessary and caused plaintiff to sustain physical injuries.

43. The municipal defendant, the City of New York, is vicariously liable to plaintiff for the acts of the individual defendants who were at all relevant times acting within the scope of their employment as officers and agents of the municipal defendant.

44. Therefore, the individual defendants are liable to plaintiff under state law, for (i) false arrest and imprisonment; (ii) excessive force; and (iii) battery; as is the municipal defendant under the principle of *respondeat superior* or vicarious liability.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

**[Remainder of Page Intentionally Blank]**

WHEREFORE, plaintiff demands judgment against defendants jointly and severally as follows:

    i. Actual and punitive damages against each of the individual defendants in an amount to be determined at trial;

    ii. Actual damages against the municipal defendant in an amount to be determined at trial;

    iii. Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of the action; and

    iv. Such other relief as the Court deems just and proper.

Dated: New York, New York
August 21, 2017

LUMER LAW GROUP
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060

_____
Michael B. Lumer (ML-1947)