USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/20/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GIOVANNI BLOISE-FREYRE,

        Plaintiff,

    -v-

THE CITY OF NEW YORK, JAMES SLAVIN,
ANDREW SNIDER, and JOHN DOE,

        Defendants.

------------------------------------------------------------X

17 Civ. 2413 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

  Giovanni Bloise-Freyre ("Bloise-Freyre") brought this civil rights lawsuit, pursuant to 42 U.S.C. § 1983, against the City of New York and several officers of the New York City Police Department ("NYPD") (collectively, "defendants"), alleging that he was arrested without probable cause and subjected to excessive force. Bloise-Freyre accepted an Offer of Judgment from defendants in the amount of $10,001.00. Bloise-Freyre now seeks $24,840.15 in attorneys' fees, expenses, and costs. Defendants do not contest that Bloise-Freyre is entitled to fees, expenses, and costs, but argue that the amount he seeks is unreasonably high. For the reasons that follow, the Court grants Bloise-Freyre's fee application, with specified exceptions and modifications that serve to reduce it to $17,865.15.

## I. Background

### A. Factual Allegations[1]

On January 8, 2016, Bloise-Freyre was arrested at the NYPD's 17th precinct station house. Bloise-Freyre claims that he and his wife, both residents of Massachusetts, were visiting New York County when Bloise-Freyre entered the station house to ask about a parking spot. AC ¶ 13. He alleges that he identified himself as a law enforcement officer and presented valid identification to verify this. *Id.* ¶ 17.

Bloise-Freyre alleges that the desk officer, defendant James Slavin, accused him of impersonating a law enforcement officer and directed another officer, believed to be defendant Andrew Snider or defendant John Doe, to arrest him. *Id.* ¶¶ 16, 18. Bloise-Freyre asserts that the officers placed him in handcuffs and made aggressive comments about his alleged impersonation. *Id.* ¶ 19. He further alleges that the officers deliberately tightened his handcuffs, slammed him into a chair in a manner that caused him to strike his head, and wrapped plaintiff's cuffs around the back of his chair to increase his pain. *Id.* ¶¶ 19–20. Bloise-Freyre was eventually released from custody after being held for about two hours. He was neither charged nor issued a summons or desk appearance ticket.

### B. Procedural History

On April 4, 2017, Bloise-Freyre filed the complaint in this action. Dkt. 1. On August 21, 2017, Bloise-Freyre filed an amended complaint. Dkt. 19. On September 27, 2017, a mediation

---

[1] The facts are drawn from the Amended Complaint, Dkt. 19 ("AC"), as well as the Declaration of Michael Lumer ("Lumer Decl.") and attached exhibits in support of plaintiff's fee application, *see* Dkt. 43, the Declaration of Matthew Stein ("Stein Decl.") and attached exhibits in opposition to plaintiff's fee application, *see* Dkt. 46, and the Reply Declaration of Michael Lumer and attached exhibits offered in further support of plaintiff's fee application, *see* Dkt. 50 ("Lumer Reply Decl.").

session was held, but the parties were unable to resolve any issue in the case. *See* Dkt. 27. On March 8, 2018, defendants served an Offer of Judgment, pursuant to Federal Rule of Civil Procedure 68, on Bloise-Freyre, in the amount of $10,000.01, plus reasonable attorney fees, expenses, and costs. *See* Dkt. 37-1. On March 17, 2018, Bloise-Freyre filed a formal notice of acceptance of defendants' Rule 68 Offer. Dkt. 37.

### C. The Instant Motion

On May 11, 2018, Bloise-Freyre filed a motion for attorneys' fees, expenses, and costs, Dkt. 42; a supporting memorandum of law, Dkt. 44 ("Pl. Br."); and a supporting declaration from his attorney, *see* Lumer Decl.

On June 8, 2018, defendants submitted a declaration in opposition to plaintiff's request for fees, *see* Stein Decl., and a memorandum of law, Dkt. 47 ("Def. Br.").

On June 20, 2018, Bloise-Freyre submitted a reply in support of his motion, Dkt. 51 ("Pl. Reply Br."), and a supporting declaration, *see* Lumer Reply Decl.

## II. Discussion

Bloise-Freyre seeks $24,840.15 for the work of the law firm, Lumer Law Group, which represented him in this matter, consisting of $24,167.50 in legal fees and $672.65 in costs and expenses. By the terms of the Offer of Judgment, Bloise-Freyre is entitled to "reasonable attorneys' fees, expenses, and costs." Stein Decl. Ex. B. Defendants do not dispute Bloise-Freyre's entitlement to fees, expenses, and costs. Instead, defendants dispute only the amount of the fee request. They argue that (1) the hourly rate claimed by Bloise-Freyre's counsel is unreasonably high; (2) the number of hours expended by his counsel and paralegal should be reduced; and (3) plaintiff should not recover fees in connection with any of his state law claims. Def. Br. at 1. The Court addresses each argument in turn.

3

### A. Standard for Attorneys' Fees

In determining the amount of a fee award, district courts are to calculate the "presumptively reasonable fee." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 172 (2d Cir. 2009). The starting point for determining the presumptively reasonable fee is the "lodestar" amount, which is "'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Gaia House Mezz LLC v. State Street Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). "The presumptively reasonable fee boils down to 'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" *Simmons*, 575 F.3d at 174 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 493 F.3d 110, 112, 118 (2d Cir. 2007), *amended on other grounds by* 522 F.3d 182 (2d Cir. 2008)). Courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Arbor Hill*, 493 F.3d at 119. "As the fee applicant, plaintiff[ ] bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (internal quotation marks and citation omitted).

### B. Hourly Rates

Only one attorney worked on this case. Lumer Law Group requests $550 per hour for Michael Lumer, Esq. ("Lumer"), who has approximately 22 years of legal experience, Lumer Decl. ¶ 11; and $125 per hour for paralegal Jessica Alfarone ("Alfarone"), who was hired by Lumer Law Group in May 2017, *id.* ¶ 36. Defendants argue that Lumer's rate should be reduced to $400 per hour. Def. Br. at 1, 4–8. Defendants do not challenge Alfarone's hourly rate.

Lumer received his Juris Doctor from Brooklyn Law School in 1995, and has been practicing law ever since. Lumer Decl. ¶ 12. Lumer is admitted to practice in the State of New York, the United States District Courts for both the Eastern and Southern Districts of New York, and the United States Second Circuit Court of Appeals. *Id.* ¶ 14. Lumer has participated in civil and criminal litigation at both the trial and appellate levels, and has appeared as counsel of record in hundreds of cases in both New York state courts as well as in the Eastern and Southern Districts of New York. *Id.* ¶¶ 14–15. Lumer has considerable experience in civil litigation, particularly in civil rights litigation, and his current practice consists almost entirely of plaintiffs' actions pursuant to 42 U.S.C. § 1983. *Id.* ¶ 16. He co-founded the law firm of Lumer & Neville, now known as Lumer Law Group, in September 2013. *Id.* ¶ 17.

Lumer represents that his current hourly rate is $550. *Id.* ¶ 19. He states that he charged an hourly rate of $500 from September 2013 through the end of 2017, but raised the rate to $550 at the end of 2017 due to increasing operational costs, as well as "hourly rates being awarded to other attorneys in comparable fields of practice." *Id.* ¶ 20. This rate is within, but at the higher end, of the range of prevailing rates approved in this District. *See Lilly v. City of New York*, No. 16 Civ. 322 (ER), 2017 WL 3493249, at *10 (S.D.N.Y. Aug. 15, 2017) ("Precedent in the Southern District of New Yok demonstrates that a reasonable hourly rate for a civil rights attorney can range from $250 to $650.") (citing *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS), 2015 WL 898974 (S.D.N.Y. Mar. 2, 2015)); *see also Spencer v. City of New York*, No. 06 Civ. 2852 (KMW), 2013 WL 6008240, at *5 (S.D.N.Y. Nov. 13, 2013) (collecting cases); *Chen v. TYT E. Corp.*, No. 10 Civ. 5288 (PAC) (DF), 2013 WL 1903735, at *2 (S.D.N.Y. May 8, 2013) ("Consistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600 . . . with rates on the

higher end of this spectrum reserved for extraordinary attorneys held in unusually high regard in the legal community." (internal quotation marks and citations omitted)).

For work on similar cases in the Eastern District of New York, Lumer has received fee awards ranging between $400 and $425 per hour. *See Mariani v. City of New York*, No. 12 Civ. 288 (NG) (JMA), 2013 U.S. Dist. LEXIS 190075 (E.D.N.Y. July 1, 2013) (awarding $425); *Blount v. City of New York*, No. 11 Civ. 0124 (BMC), 2011 WL 8174137 (E.D.N.Y. Aug. 12, 2011) (awarding $425); *Chow v. City of New York*, No. 09 Civ. 1019 (BMC) (RLM), 2010 WL 2103046 (E.D.N.Y. May 25, 2010) (awarding $400). In one case, the court awarded $450 "to take into account increased costs over time and Mr. Lumer's increased experience as an attorney." *Thomas v. City of New York*, No. 14 Civ. 7513 (ENV) (VMS), 2017 WL 6033532, at *5 (E.D.N.Y. Dec. 1, 2017).

Defendants argue that the fee should be reduced to $400 per hour because "Mr. Lumer has not pointed to a single case in this district where an attorney of reasonably comparable skill, experience, and reputation was awarded $550/hour in a § 1983 civil rights case with similarly low complexity." Def. Br. at 6. They note that Lumer has identified only two civil rights cases in this district where a court has awarded more than $500 per hour, and both were unusually complex cases requiring particular skill to litigate. *See id.* (distinguishing *Bailey v. Pataki*, No. 08 Civ. 8563 (JSR), 2016 WL 3545941 (S.D.N.Y. June 16, 2016), and *Adorno v. Port Auth. of N.Y. & N.J.*, 685 F. Supp. 2d 507 (S.D.N.Y. 2010)).

The Court finds that a reduction in Lumer's fee is warranted here. Based on its assessment of prevailing hourly rates for civil rights litigators in this District, the Court believes that $550 per hour is unreasonably high. Instead, the Court finds that a rate of $425 per hour for such work performed by Lumer is appropriate. This rate "is in line with the hourly rates set for

attorneys with similar experience and backgrounds in this forum." *Spencer*, 2013 WL 6008240, at *5; *see also Poulos v. City of New York*, No. 14 Civ. 3023 (LTS) (BCM), 2018 WL 3750508, at *12 (S.D.N.Y. July 13, 2018) (finding in a § 1983 case that a rate of $425 per hour was reasonable and "commensurate" with "similar fee awards in this district").

### C. Number of Hours

A plaintiff is only to be compensated for "hours reasonably expended on the litigation," and not for hours "that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Upon finding that counsel seeks compensation for excessive hours, 'the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application.'" *Rodriguez v. McLoughlin*, 84 F. Supp. 2d 417, 425 (S.D.N.Y. 1999) (quoting *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998)).

#### 1. Excessive or Unnecessary Hours (Lumer)

Bloise-Freyre asserts that Lumer expended 43.40 hours on this matter, but he seeks to recover only "about 42 hours." Lumer Decl. ¶ 8. Defendants identify several items in Lumer's billing records that, they contend, reflect unreasonably excessive hours billed. In particular, they seek to reduce the following:

1. Lumer billed a total of 3.60 hours for conversations with Alfarone regarding various administrative activities, such as confirming Bloise-Freyre's appearance at mediation or his availability for depositions. Defendants appear to argue these hours are not recoverable. Def. Br. at 9.

2. Lumer billed 0.30 hours to confer with another attorney "re: covering 50H [hearing]." Lumer Decl. Ex. 1. Defendants argue this is not recoverable.

7

3. Lumer billed 4.50 hours to "[d]raft, edit, [and] finalize complaint." *Id.* Defendants argue that this should be reduced to 2 hours. *Id.*
4. Lumer billed 2.20 hours to draft discovery demands. *Id.* Defendants argue this should be reduced to 1.5 hours because Lumer has litigated many similar cases and can borrow language from previous discovery demands.

Having reviewed the record, the Court agrees that some of the time Lumer spent in connection with these tasks must be deducted. First, as to the 3.60 hours Lumer billed in connection with various conversation with Alfarone regarding administrative activities, the Court concludes that these items should be reduced to 1 hour. These records contain numerous cursory entries, such as "Conf w/JA re: medical records, 50H," "Conf w/JA re: confirming client availability." Lumer Decl. Ex. 1. Such conclusory entries are too vague. *See, e.g.*, *Duran-Peralta v. Luna*, No. 16 Civ. 7939 (JSR), 2018 WL 1801297, at *5 (S.D.N.Y. Apr. 2, 2018) ("Additionally, there are numerous vague entries in the time records . . . such as 'prepare for conversation with client,' 'work on matter,' 'follow up on argument' and 'follow up on depositions.' . . . Such entries are overly vague."); *Spalluto v. Trump Int'l Hotel & Tower*, No. 5 Civ. 7497, 2008 WL 4525372, at *8 (S.D.N.Y. Oct. 2, 2008) ("[C]ursory descriptions, such as . . . 'prepare correspondence to co-counsel,' . . . and 'prepare letter to court' are too vague."). Accordingly, the Court reduces these entries, which total 3.6 hours, to 1 hour. Likewise, the 0.30 hour entry stating "TC w/ Jim Neville re: covering 50H" is too vague to be recoverable; insofar as this entry appears to relate to a pre-litigation hearing in support of potential state-law claims that were never brought, the work described is separately non-compensable. *See infra* pp. 11–12.

With respect to the 4.50 hours billed for drafting and finalizing the complaint, the Court agrees with defendants that this is excessive. Both the initial Complaint and the Amended

Complaint are short: The initial Complaint is a mere 41 paragraphs, and several of those paragraphs merely recite the causes of action or consist of boilerplate language. *See* Dkt. 1. The Amended Complaint is only slightly longer, at 44 paragraphs, and largely recapitulates the initial Complaint. Lumer avers that he has appeared as counsel of record in hundreds of cases in New York state and federal courts, almost exclusively in § 1983 lawsuits like this one. Lumer Decl. ¶¶ 15–16. It is reasonable to expect an attorney with that level of proficiency in § 1983 cases to be able to efficiently produce a complaint, particularly a short complaint like the one at issue in this case. Accordingly, the Court reduces the requested 4.50 hours to 2.50 hours.

Finally, and for similar reasons, the 2.20 hours entered for drafting discovery demands must be reduced. Given that Lumer has worked on hundreds of cases raising similar issues, the Court agrees that an attorney of comparable experience would be capable of preparing such demands in a shorter time period. Therefore, the 2.20 hours billed in connection with discovery demands should be reduced to 1.50 hours.

### 2. Excessive or Unnecessary Hours (Alfarone)

Bloise-Freyre also asserts that Alfarone spent 16.7 hours of time on this case. Defendants seek to reduce the number of compensable hours Alfarone billed in connection with various administrative matters. *See* Def. Br. at 10–11. Alfarone's disaggregated time entries include: 0.5 hours to request an adjournment of, and to reschedule, a hearing; 0.10 hours to file a change of address form; 0.10 hours to attempt to locate Bloise-Freyre; 0.80 hours to organize and catalogue medical records; 0.10 hours for a "tel call from cl re running later," Lumer Decl. Ex. 1; 1.50 hours for calendaring depositions and discovery due dates, scanning in defendants' demands, and drafting discovery responses; and 1.10 hours spent contacting Bloise-Freyre regarding scheduling matters.

9

Defendants challenge these entries on the basis that they "pertain to administrative matters and are thus unreasonable." Def. Br. at 10. To be sure, courts routinely decline to award full fees for administrative or clerical work performed by *attorneys*. *See, e.g.*, *Monsour v. N.Y. Office for People with Developmental Disabilities*, No. 13 Civ. 336 (BKS) (CFH), 2018 WL 3349233, at *19 (N.D.N.Y. July 9, 2018). But it is appropriate for a paralegal to enter time entries for administrative tasks, as Alfarone has done here. *See P.R. v. N.Y.C. Dep't of Educ.*, No. 17 Civ. 4887 (LTS) (KNF), 2018 WL 4328012, at *13 (July 19, 2018) (awarding attorneys' fees for administrative work performed by an attorney at a paralegal's hourly rate). And having reviewed the record, the Court concludes that the time Alfarone spent in connection with administrative tasks is reasonable. Her itemized billing affords reasonable clarity, and the amount of time spent on each discrete task is sufficiently clear.

To the extent that defendants take issue with specific time entries billed in 0.10 hour increments, the Court notes this practice "is not inherently problematic." *C.D. v. Minisink Valley Cent. Sch. Dist.*, No. 17 Civ. 7632 (PAE), 2018 WL 3769972, at *8–9 (S.D.N.Y. Aug. 9, 2018). However, when a timekeeper "on a single day bills multiple 0.10 hour entries for discrete tasks, where the tasks individually appear likely to have occupied less than 0.10 hours and in total appear likely to have occupied less than the sum total of 0.10 hour increments, such a practice can improperly inflate the number of hours billed beyond what is appropriate." *Id.* Upon examination of the billing record, however, the Court is satisfied that Alfarone's time entries do not warrant a reduction. For example, many of the 0.10 hour entries occur on separate days, for tasks that are reasonably likely to take 6 minutes to perform. *See id.* (noting that where 0.10 hour entries occur on separate days, for tasks that likely take one-tenth of an hour to perform, the practice does not improperly inflate the number of hours worked). Accordingly, the Court

rejects defendants' argument that these itemized billing entries, totaling 3.70 hours, should be deducted.

### D. State Law Claims

Finally, Bloise-Freyre seeks to recover fees for time billed in order to preserve his state law claims. Specifically, he seeks fees for 3.70 hours of time billed by Lumer, and 1.90 hours of time billed by Alfarone, related to work performed in connection with (1) a hearing conducted pursuant to N.Y. Gen. Mun. L. 50-h, and (2) the filing of a Notice of Claim filed pursuant to state law. Defendants argue that this time is not recoverable because the Rule 68 offer of judgment did not apply to such claims; therefore, Bloise-Freyre did not prevail on any state law claim.

Defendants are correct. Under Rule 68, a party may serve an offer of judgment on "specified terms." Fed. R. Civ. P. 68. The court construes those terms pursuant to ordinary principles of contract law. *Foster v. Kings Park Cent. Sch. Dist.*, 174 F.R.D. 19, 24 (E.D.N.Y. June 28, 1997). The Rule 68 Offer of Judgement in this case provided "defendants hereby offer to allow plaintiff Giovanni Bloise-Freyre to take a judgment against the City of New York in this action for the total sum of Ten Thousand and One ($10,001.00) Dollars, plus reasonable attorneys' fees, expenses, and costs to the date of this offer *for plaintiff's federal claims*." Stein Decl. Ex. A (emphasis added).

This language is clear. Bloise-Freyre accepted an offer of judgment that allowed him to take a judgment only for federal claims. Therefore, he cannot be considered a prevailing party on any state law claims. *See Tucker v. City of New York*, 704 F. Supp. 2d 347, 350 (S.D.N.Y. 2010) ("Given the plain language of the agreement and the clear intent of the parties, the agreement should be honored on its terms. Accordingly, the Court modifies the recommendation

11

of the Report to exclude from the award the portion of legal fees attributable to Tucker's state law claims."). In accordance with the parties' agreement, the Court deducts 3.70 hours of Lumer's time, and 1.90 hours of Alfarone's time, billed in connection with Bloise-Freyre's state law claims.

## CONCLUSION

The Court grants Bloise-Freyre's fee request with the exceptions and modifications enumerated above. Lumer seeks to recover for 42 hours of his time and 16.7 hours of Alfarone's time. Defendants seek to reduce Lumer's hours by 7.40 hours, for a total of 34.60, and Alfarone's hours by 3.70 hours, for a total of 13 hours. The Court reduces Lumer's hours by 5.90 hours, for a total of 36.1 billable hours. And it reduces Alfarone's hours by 1.90, for a total of 14.80 hours worked. Accordingly, Bloise-Freyre is entitled to an award of $17,865.15, broken down as follows:

|  | Compensable Hours | Rate | Total |
| --- | --- | --- | --- |
| Lumer | 36.10 | $425.00 per hour | $15,342.50 |
| Alfarone | 14.80 | $125.00 per hour | $1,850.00 |
| Costs & Expenses |  |  | $672.65 |

The Clerk of Court is respectfully directed to terminate the motions pending at docket entries 42 and 45, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: November 20, 2018
New York, New York